| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

| | | |
|---|---|---|
| Citigroup Global Markets, Inc., | § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-05-3849 |
| Debra M. Bacon, | | |
| Defendant. | | |

# Opinion Vacating Arbitration Award

1. *Introduction.*

An arbitration panel awarded Debra Bacon damages and attorneys' fees. This court vacated the award because the panel manifestly disregarded the law. The Supreme Court has since said manifest disregard does not independently warrant vacatur.

2. *Background.*

Randall and Debra Bacon, a married couple, had eight accounts with Salomon Smith Barney, Inc. – now Citigroup Global Markets, Inc. Four of them were in Debra's name and were funded exclusively by her retirement funds.

After the couple retired from Amoco in the late 1990s, they relocated to Charleston, South Carolina, to open two CiCi's Pizza restaurants. Both failed. To fund their operations, the couple withdrew money from the accounts more than twenty times.

By the end of 2001, Randall had no money in his accounts. Between December of 2001 and June of 2002, he signed Debra's name to five distribution requests without her express consent. Debra discovered the unauthorized withdrawals in July of 2002. She told Salomon, and it froze her accounts.

The Bacons divorced in October of 2003. In the settlement, Randall promised to pay Debra $360,000; therefore, she exchanged her injury for a reimbursement contract. Although he could not pay all of it at once, he has continued to slowly reimburse her. Dissatisfied with

he could not pay all of it at once, he has continued to slowly reimburse her. Dissatisfied with her first recovery, Debra sued Salomon for assisting him by disbursing the money.

In 2004, an arbitration panel awarded Debra $218,000 in damages and $38,000 in attorney's fees. Salomon petitioned to vacate the award. This court vacated the award because the panel showed a "manifest disregard of the law" – an expression that was then used by courts as a proxy for the statutory factors in section 10 of the Federal Arbitration Act.

The Supreme Court has since said arbitration awards can only be vacated by finding facts that meet the statutory criteria:[1] (a) corruption, fraud, or undue means; (b) bias; (c) dereliction such as refusal to hear evidence; or (d) where arbitrators exceed their authority.[2] The Supreme Court observed that manifest disregard may be "shorthand" for the statutory factors.[3]

3.  *Arbitration Decision.*

Under section 10, the panel's decision is arbitrary. In exhibiting no discretion, just will, they exceeded their authority, acted with excessive partiality, and prejudiced Salomon by their misconduct in these ways.[4]

- It dismissed Salomon's third-party claims against Randall even though he admitted to forging Debra's name.

- It ignored Texas law requiring customers to notify their bank within thirty days of an unauthorized transaction.[5] Debra never notified the bank on time. She waited until seven months after Randall withdrew $50,000 and five months after he withdrew $150,000.

---

[1] Hall Street Associates, LLC v. Mattel, Inc., 552 U.S.C. 576 (2008).

[2] 9 U.S.C. § 10(a) (2006).

[3] Hall Street, 552 U.S. at 585.

[4] Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 384-85 (5th Cir. 2004).

[5] Tex. Bus. & Comm. Code Ann. § 4.406(c) (2012)

- It refused to assess relative responsibility for Debra's damages as Texas requires.[6] Salomon could not have been entirely responsible. Randall admitted to having been deliberately misleading. Debra had no evidence that the bank knew of her husband's defalcation. His behavior was not facially suspicious because he deposited her money into accounts they jointly owned as they had done with these accounts before.

- Debra denies all responsibility for the disbursement and application; however, she was Vice President and Secretary of the company through the entire history of the restaurants and she breached a deposit contract with Salomon.[7] Not finding her responsible at all is impossible as a rational decision.

- It awarded Debra more than $200,000 even though she had not suffered an injury. Randall used the money he withdrew to pay portions of debts that were Debra's too; those payments later allowed the couple to sell their business and pay their debts. Without an injury, Salomon owes her nothing.[8] The disbursal was irregular, but the application was directly to her benefit.

- It may have allowed Debra to recover twice by awarding her damages even though her husband had already agreed to reimburse her $360,000 in the property settlement agreement from their divorce – approximately $230,000 could have stemmed from his withdrawals. Randall continues to reimburse her, but no credit was allowed Salomon for her receipts at the time of the award.

---

[6] Tex. Bus. & Comm. Code Ann. §§ 4.406(c)-(e) (2002).

[7] *See* Multimedia Pub. of South Carolina, Inc. v. Mullins, 314 S.E.2d 569, 572 (S.C. 1993); Francis v. United Jersey Bank, 432 A.2d 814, 823-24 (N.J. 1981) ("A director is not an ornament, but an essential component of corporate governance. Consequently, a director cannot protect himself behind a paper shield bearing the motto, 'dummy director.'").

[8] Trans-American Steel Corp. v. Fed. Ins. Co., 535 F.Supp. 1185, 1190 (N.D. Ga. 1982).

- Regardless of whether ownership of Debra's retirement accounts is governed by Texas or South Carolina law, Randall had a marital interest in the property – just as she had one in the funds from his accounts that were applied to the business. This complication was skipped by the panel.

- The numbers in the settlement were consensual, not adjudicated, and on its face they are unsupported by specifics – all round numbers, for instance. Accepting them in the face of banking records is peculiar.

The panel was three lawyers familiar with arbitration and Texas law. The court does not suggest the panel took a bribe. The magnitude, volume, and uniform direction of their purported errors compels the truth: their decision was based on either sympathy for Debra or animosity to Salomon – not law, fact, or reasoned judgment.

They exceeded their authority because the parties never granted the panel license to ignore the law.[9] The panel's conversion of its role from rational analysis to willful presumption is a dereliction that directly cost the bank hundreds of thousands of dollars.

4.  *Fees.*

Courts generally do not disturb fee awards once the issue has been submitted to the arbitrator. Arbitrators may award attorney's fees if the agreement or the law permits it.[10] The agreement does not mention fees, but Debra pleaded multiple Texas claims that conceivably support an award of attorney's fees.

Debra may not, however, recover attorneys' fees unless she prevails on her underlying claim.[11] Because the predicate for Debra's fee award – success on the merits – is now vacated, she may not recover attorney's fees.

---

[9] Wise v. Wachovia Sec., LLC, 450 F.3d 265, 269 (7th Cir. 2006).

[10] Tex. Civ. Prac. & Rem. Code Ann. § 171.048(c) (2012).

[11] Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (2012) (allowing attorney's fees if a litigant prevails on a "valid" claim); *see also* Monday v. Cox, 881 S.W.2d 381, 385 (Tex. App. - San Antonio 1994, pet. denied).

5. *Conclusion.*

The attorney-arbitrators knew the law, yet chose to ignore it. Fully crediting the facts found by the panel, Debra Bacon suffered no injury. She should not be allowed to recover once without an injury – much less twice. The panel did not apply specific, clear statutes, like the requirement that Debra notify the bank within thirty days. The award will be vacated because it was prejudicial, partial, and *ultra vires*.

Signed on June 14, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge